**KEYSTONE LAND & DEVELOP-MENT COMPANY, Plaintiff–counter–defendant–Appellant,**

v.

**XEROX CORPORATION, Defendant–counter–claimant–Appellee.**

No. 02–35847.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Submission Vacated in part Dec. 31, 2003.

Questions Certified to the Washington State Supreme Court Dec. 31, 2003.

Certified Questions Decided by Washington State Supreme Court July 22, 2004.

Resubmitted Aug. 4, 2004.

Filed Aug. 4, 2004.

Eric Frimodt, Inslee, Best, Doezie & Ryder, P.S., Bellevue, WA, for the plaintiff/counter-defendant-appellant Keystone Land & Development Company.

Larry J. Smith, Graham & Dunn PC, Seattle, WA, for the defendant/counter-claimant-appellee Xerox Corporation.

Before: TROTT, FISHER, and GOULD, Circuit Judges.

GOULD, Circuit Judge:

This diversity case arises from a contract dispute. Plaintiff Keystone Land & Development Company ("Keystone") claims that it formed two binding contracts with Defendant Xerox Corporation ("Xe-

rox"): a contract to buy a building owned by Xerox, and a contract to negotiate the terms of a Purchase and Sale Agreement for that building. Keystone filed suit for breach of contract in Washington state court and, to secure its claims, Keystone filed a *lis pendens* notice for the property. Xerox removed the case to federal court and filed a counterclaim for damages, and attorney's fees, caused by an allegedly improper *lis pendens*. The district court granted summary judgment to Xerox on its defense of the two contract claims asserted by Keystone, and also granted summary judgment to Xerox on its counterclaim. Keystone appealed these rulings.

In a separate opinion, *Keystone Land & Development Co. v. Xerox Corp.*, 353 F.3d 1070 (9th Cir.2003) (*Keystone I*), we affirmed the summary judgment dismissing Keystone's claim of a breach of contract to sell the building, and we reversed the summary judgment awarding damages to Xerox because of the *lis pendens*.

In a companion published order, *Keystone Land & Development Co. v. Xerox Corp.*, 353 F.3d 1093 (9th Cir.2003) (*Keystone II*), we certified to the Washington State Supreme Court a remaining dispositive question of state law before us, namely, whether Washington law may recognize a contract to negotiate in the circumstances presented by this appeal. The Washington State Supreme Court accepted certification and has resolved the dispositive question that we certified to it. We now return to consideration of the issues that we had deferred while awaiting an answer on state law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.

# I

We reiterate the facts as set forth in our prior published order in *Keystone II*. In early 2001, Xerox decided to sell and lease-back its facility in Tukwila, Washington. Xerox hired Jones Lang LaSalle ("Jones Lang") and Kidder Matthews and Sanger ("Kidder Matthews") to sell the property. Xerox sent detailed information packets to prospective buyers, including Keystone. In a February 22, 2001 e-mail, Xerox requested a "signed Letter of Intent which includes the net purchase price and key deal points...." Keystone, through its real estate broker, Broderick Group, sent a letter (the "Offer Letter") dated March 8, 2001, that made an "Offer to Purchase" the property. The letter had several contingencies, including the "Execution of a Purchase and Sale Agreement with[sic] thirty (30) days from the execution of this letter of intent." Kidder Matthews replied on April 4, 2001, thanking Keystone for the "Offer" and, as "directed by Xerox," requested that Keystone submit a "final and best offer" for the property that addressed certain concerns. Keystone responded through a letter dated April 6, 2001, by increasing its offering price. Referencing the March 8 letter, the April 6 letter stated that Keystone was "prepared to proceed towards completion of a mutually acceptable Purchase and Sale Agreement." In an April 10 letter, Xerox's local brokers wrote that, subject to two modifications, Xerox was "prepared to negotiate a Purchase and Sale Agreement with Keystone," and that Xerox would "proceed immediately to draft" the Agreement if Keystone accepted the modifications. Keystone accepted the modifications on April 13.

Keystone prepared to inspect the property and Xerox's books and records concerning the property, reviewed documents, and arranged debt and equity financing. Xerox delivered documents to Keystone and hired legal counsel for drafting the Agreement. Xerox told Keystone that a draft was almost complete and would soon be ready for review. To this point, no

employee of Keystone had discussed the transaction directly with any employee of Xerox; all communications were between the parties' brokers.

Xerox commenced its due diligence review. Because Xerox had seen other prospective property sales collapse when lenders had backed out after learning that the deal included a leaseback to Xerox, it requested assurances from Keystone's lenders that financing would be available. Faced with vague answers from Keystone's financier, a Key Bank officer, Xerox became concerned about Keystone's suitability as purchaser and landlord.

On April 25, 2001, the City of Tukwila, the main competitor of Keystone for the property, submitted a revised proposal to buy the building for $500,000 more than Keystone offered. Xerox then decided to withdraw from negotiations with Keystone. That was the end of negotiations between Keystone and Xerox.

Keystone filed suit in state court on June 20, 2001 and recorded a *lis pendens* against the Tukwila facility. The action was removed by Xerox to the United States District Court for the Western District of Washington. Xerox filed a Fed. R.Civ.P. 12(b)(6) motion, asserting that the complaint did not state a claim. That motion was denied. Xerox then filed an answer on October 4, 2001, and added a counterclaim for damages from the *lis pendens* filing. Keystone released the *lis pendens* when it filed an amended complaint on January 18, 2002. On cross-motions for summary judgment, the district court granted Xerox's motion for summary judgment in defense of Keystone's suit on March 14, 2002. On July 12, 2002, the district court, addressing cross-motions for summary judgment on Xerox's counter-claim, awarded summary judgment to Xerox. The district court cer-

tified both orders as final and Keystone appealed both summary judgment orders.

\* \* \*

We have already affirmed summary judgment for Xerox on Keystone's claim of breach of contract to sell the Tukwila building and we have reversed summary judgment for Xerox on the *lis pendens* counterclaim and ordered summary judgment for Keystone. *Keystone I*, 353 F.3d at 1077. Our consideration now addresses and, in accord with the law as determined by the Washington State Supreme Court on our certified questions, resolves Keystone's challenge to the district court's grant of summary judgment that rejected Keystone's claim of breach of contract to negotiate.

## II

On December 31, 2003, we certified the following two questions to the Washington State Supreme Court:

(1) Will Washington contract law recognize and enforce an agreement, whether implicit or explicit, between two or more parties to negotiate a future contract under the circumstances presented in this case?

(2) If such a contract can exist, what is the proper measure of damages for the breach of a contract to negotiate?

*Keystone II*, 353 F.3d at 1098. After accepting certification, calling for briefing, and holding oral argument, the Washington State Supreme Court responded: "We do not reach the issue of whether Washington contract law will ever recognize and enforce an agreement to negotiate a future contract but answer the first question, under the circumstances presented in this case, no: We find it unnecessary to reach the second certified question." *Keystone Land & Dev. Co. v. Xerox Corp.*, 94 P.3d

945, 946 (Wash. 2004) (*Keystone III* ). The Washington State Supreme Court elaborated:

> We conclude that it is unnecessary to decide whether Washington will ever enforce a contract to negotiate in order to answer the first certified question. The exchange of letters with which we are presented does not constitute a contract to negotiate. The parties did not exchange promises to conform to a specific course of conduct during negotiations, such as negotiating in good faith, exclusively with each other, or for a specific period of time. Instead, the parties began negotiations to enter into a purchase and sale agreement. In the absence of objective manifestations of mutual assent to definite terms supported by consideration, no contract was formed. There was never an agreement as to how the parties were required to proceed.

*Id.* at 946 (internal citation omitted).

Under Washington law, as explained by the Washington State Supreme Court, Keystone's evidence does not suffice to establish a contract to negotiate.

### III

As we have previously held, this interpretation of Washington law ends the appeal: "If the Washington State Supreme Court gives an opinion that it does not recognize a contract to negotiate in this case, we will affirm the district court on that basis." *Keystone II*, 353 F.3d at 1098. We therefore affirm the district court's grant of summary judgment to Xerox based on the answer provided by the Washington State Supreme Court. We also express gratitude to the Washington State Supreme Court for accepting and resolving the certified question that is dispositive of this appeal. We will not disturb the district court's decision on summary judgment rejecting Keystone's claim of breach of contract to negotiate.

**AFFIRMED.**

In light of the partial relief given Keystone in *Keystone I*, the partial affirmance given Xerox in *Keystone I*, and our rejection of Keystone's remaining appeal here, each party shall bear its own costs.